# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2020

Lyle W. Cayce
Clerk

No. 18-50386
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GONZALO HOLGUIN-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before JONES,\* HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:

Gonzalo Holguin-Hernandez pleaded true to the allegation that he violated a condition of his supervised release by committing a new offense, specifically, aiding and abetting possession of marijuana with intent to distribute. The new offense involved over 100 kilograms of marijuana. Under the Guidelines policy statements for this Grade A violation, Holguin-Hernandez's recommended range was twelve to eighteen months. The district

---

\* Judge Benavides has removed himself from this case. Judge Jones has been substituted in his place.

No. 18-50386

court imposed a bottom-of-the-range sentence of twelve months but ordered it to run consecutively to the sentence imposed on the new marijuana offense.

Holguin-Hernandez appealed, arguing that his twelve-month total sentence was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a) and was therefore unreasonable. Applying our well-established prior precedent, as we are required to do, we ruled that Holguin-Hernandez failed to raise his challenges in the district court, such that our review was for plain error only. *United States v. Holguin-Hernandez*, 746 F. App'x 403 (5th Cir. 2018) (mem.) (citing *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009)), *vacated and remanded*, 140 S. Ct. 762 (2020). The Supreme Court granted certiorari and vacated our decision, determining that by arguing for a specific shorter sentence than he received, Holguin-Hernandez preserved his claim of error such that plain error review was inappropriate. *Holguin-Hernandez*, 140 S. Ct. at 764, 765, 767. The Court declined to decide any further issues and remanded for our consideration consistent with its opinion:

> We hold only that the defendant here properly preserved the claim that his 12-month sentence was unreasonably long by advocating for a shorter sentence and thereby arguing, in effect, that this shorter sentence would have proved "sufficient," while a sentence of 12 months or longer would be "greater than necessary" to "comply with" the statutory purposes of punishment.

*Id.* at 767 (quoting 18 U.S.C. § 3553(a)).

Our review is confined to whether the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Applying an abuse of discretion standard, *id.*,[1] we conclude that the district court did not

---

[1] Arguably some of Holguin-Hernandez's specific arguments were not preserved and are subject to plain error review. *Cf. United States v. Holguin-Hernandez*, 140 S. Ct. 762, 767

No. 18-50386

reversibly err in assessing this sentence. As explained above, the twelve-month revocation sentence is within the applicable advisory Guidelines policy statement ranges. *See* U.S.S.G. § 7B1.4(a). The district court's order that the revocation sentence run consecutively to the sentence for the new marijuana offense is consistent with U.S.S.G. § 7B1.3(f), which provides that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." Reviewing the district court's remarks cited by Holguin-Hernandez, we conclude that nothing inappropriate was considered and the district court's sentence was reasonable.

The judgment of the district court is AFFIRMED.

---

(Alito, J., concurring) ("[W]e do not decide whether this petitioner property preserved his particular substantive-reasonableness arguments, namely that he did not pose a danger to the public and that a 12-month sentence would not serve deterrence purposes."). However, because Holguin-Hernandez would not prevail even under the less deferential abuse of discretion standard, we do not reach that question here.