# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2020

Lyle W. Cayce
Clerk

No. 19-30825
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN RAY LOUCIOUS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-226-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Marvin Ray Loucious pleaded guilty to one count of possession with intent to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense. The district court sentenced him to 87 months of imprisonment on the possession count and a consecutive term of five years on the firearm count. It also imposed concurrent five-year terms of supervised release. Loucious argues that his sentence is substantively

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30825

unreasonable because it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) sentencing factors.

We review a preserved challenge[1] to the substantive reasonableness of a sentence under the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Loucious does not provide any convincing argument that the district court erred in balancing the sentencing factors.[2] The district court heard Loucious's arguments for a sentence below the guidelines range and mandatory minimum, including his emphasis on his lack of criminal history and steady employment record. The district court also heard Loucious's apology, adopted the findings and conclusions of the presentence report, reiterated the guidelines ranges, and cited its consideration of the § 3553(a) factors. It specifically stated that it sentenced Loucious at the bottom of the guidelines range on the possession count because of his consistent employment record and lack of criminal history. Loucious has not shown that the district court, when imposing sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His disagreement with the sentence imposed does not warrant reversal. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Loucious has not

---

[1] Although an argument can be made for plain error review given the particular arguments raised on appeal, because Loucious cannot prevail under either standard of review, we apply the less deferential standard. *See also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020).

[2] Loucious's primary argument is that the district court was required to group the two counts of conviction together. However, as the Government correctly notes, Loucious was convicted of violating 18 U.S.C. § 924(c) as Count 2, which requires (in this case) a consecutive sentence of five years. A § 924(c) conviction cannot be grouped with other counts. U.S.S.G. § 3D1.1(b)(1). It must be independently determined. U.S.S.G. § 5G1.2(a). The district court did exactly that, sentencing Loucious to the bottom of the sentencing guidelines on Count 1 and imposing the consecutive statutory minimum for Count 2.

rebutted the presumption of reasonableness accorded to his within-guidelines sentence. *See United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013).

AFFIRMED.