# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2020

No. 19-40808
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO CABRERA-BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-732-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Juan Antonio Cabrera-Benitez appeals the within-guidelines sentence of 27 months imposed upon his guilty-plea conviction for illegal reentry, *see* 8 U.S.C. § 1326, arguing that the sentence is procedurally and substantively unreasonable and violates due process. Cabrera-Benitez, a citizen of El Salvador, was accompanied by his two-year-old son when he illegally reentered by rafting across the Rio Grande.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The procedural claim is that the district court selected the sentence based on clearly erroneous facts by engaging in improper speculation about Cabrera-Benitez's reasons for bringing his toddler on the journey. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review for plain error because Cabrera-Benitez did not raise this claim in the district court. *See Puckett v. United States*, 556 U.S. 129, 136 (2009). To establish plain error, Cabrera-Benitez must show a forfeited error that is clear or obvious—in other words, not "subject to reasonable dispute"—and that affects his substantial rights. *Id.* at 135. If Cabrera-Benitez discharges that burden, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

It is neither clear nor obvious that the district court chose Cabrera-Benitez's "sentence based on clearly erroneous facts," thereby committing procedural error and violating due process. *Gall*, 552 U.S. at 51. Whether the district court factored into its sentencing decision a belief that Cabrera-Benitez had an illicit motivation for reentering with a toddler in tow—namely, to avoid custodial detention by the immigration authorities and then disappear into the United States—is "subject to reasonable dispute." *Puckett,* 556 U.S. at 135. In the context of the sentencing hearing, the district court's remarks concerning the son may reasonably be taken as an expression of serious skepticism in response to the defense's characterization of Cabrera-Benitez as being motivated purely by fatherly concerns about the boy's welfare. The record reveals no indication, clear or otherwise, that the district court considered the boy's involvement as a basis for sentencing. To the contrary, the sole matter that the court specifically cited as the reason for its sentence was Cabrera-Benitez's criminal history, which included two assault convictions. And even

No. 19-40808

assuming that Cabrera-Benitez has established a plain procedural error, he cannot show that it affected his substantial rights—that is, "affected the outcome of the district court proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted); *see United States v. Dominguez Benitez*, 542 U.S. 74, 81, 84-85 (2004). Again, the district court unequivocally invoked the assault convictions, not Cabrera-Benitez's parenting, as the reason a 27-month sentence was necessary.

The substantive unreasonableness claim is that the district court speculated about Cabrera-Benitez's motivations and thus gave significant weight to an improper or irrelevant factor. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). Because Cabrera-Benitez moved for a downward departure or variance, we review for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). To establish such abuse, Cabrera-Benitez must overcome the presumption of reasonableness accorded his within-guidelines sentence. *See Hernandez*, 876 F.3d at 166.

As already noted, Cabrera-Benitez has failed to show improper fact-finding. And the only reason given by the district court for its sentence was the need to protect the public from Cabrera-Benitez, given his criminal history. Cabrera-Benitez cannot overcome the presumption of reasonableness. *See id.*; *see also* 18 U.S.C. § 3553(a)(1), (2)(C).

AFFIRMED.