# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2020

Lyle W. Cayce
Clerk

No. 20-30128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES JOSEPH GREER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-235-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Charles Joseph Greer admitted to several Grade-C supervised-release violations. The district court revoked his supervised release and sentenced him above the applicable Guidelines range (three to nine months) to a fifteen-month term of imprisonment, to be followed by a five-year term of supervised release. On appeal, Greer contends that his sentence is substantively unreasonable. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-30128

Because Greer requested a sentence shorter than the one ultimately imposed, he was not required to object to his sentence in order to preserve the substantive reasonableness issue for appellate review. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

Revocation sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (quotation marks and citation omitted).

To the extent Greer argues that the district court based its sentence on an improper factor, he fails to show reversible error. Assuming *arguendo* that the district court referenced a prohibited sentencing factor, it did so in the context of sanctioning Greer for the breach of trust involved in his supervised release violations, and thus there was no error. *See id.* at 329. Further, the district court's comments make clear that the leniency Greer received in his original sentencing was the dominant reason for the court's determination that a sentence above the advisory range was necessary; to the extent the district court took into account an improper sentencing factor, it was "merely a secondary concern or an additional justification." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

Greer's primary contention is that the district court placed too much emphasis on the downward variance he received in his original sentencing. The district court concluded, though, that the policy statements regarding the revocation of supervised release support its consideration of the leniency of Greer's original sentence. *See* U.S.S.G. § 7B1.4, p.s., cmt. n.4. Greer's

contention about the weight given to the leniency of his original sentence is akin to a request that we reweigh the sentencing factors, which we will not do. *See United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018).

We have routinely affirmed above-guidelines revocation sentences up to the statutory maximum. *Warren*, 720 F.3d at 332. For example, we determined that a statutory-maximum sentence of forty-eight months of imprisonment imposed upon a probation revocation was not an abuse of discretion where the advisory range was three to nine months and the district court had previously been lenient toward the defendant. *See United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012).

AFFIRMED.