**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4567**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARYL RUSSELL, a/k/a Javonte Nixon, a/k/a Darryl Russell,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00191-D-2)

Submitted:  September 10, 2020                    Decided:  September 18, 2020

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl Russell pleaded guilty to possession of a firearm and ammunition as a convicted felon, in contravention of 18 U.S.C. § 922(g)(1). The district court sentenced Russell to 33 months' imprisonment, which was at the top of the Sentencing Guidelines range. Russell appeals, contending that his sentence is substantively unreasonable because the district court failed to consider two purportedly mitigating facts that neither Russell nor his lawyer mentioned at the sentencing hearing. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable

2

when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We discern no procedural error in Russell's sentence. At the sentencing hearing, the district court correctly calculated the applicable Guidelines range, explicitly assessed some of the § 3553(a) factors, and sufficiently explained its chosen sentence. *See Nance*, 957 F.3d at 212. Although Russell contends that the district court did not address two purportedly mitigating facts, neither Russell nor his lawyer mentioned those facts during the sentencing hearing. Of course, "[a] court cannot address particular arguments or facts not brought to its attention." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020) (Alito, J., concurring). And in any event, the district court was aware of those facts because they were contained in the presentence report that the court reviewed and adopted. We thus conclude that Russell's sentence is procedurally reasonable.

We are also satisfied that Russell fails to rebut the presumption of substantive reasonableness afforded to his within-Guidelines-range sentence.[*] *See Louthian*, 756 F.3d at 306. In explaining Russell's sentence, the district court emphasized that Russell's offense conduct was serious given the presence of young children in the home where officers discovered Russell's loaded firearm on a table and that Russell has a lengthy

---

[*] Because neither Russell nor his lawyer raised during the sentencing hearing the two mitigating facts on which his appeal relies, there is a strong argument that our substantive reasonableness review should be for plain error only. *See United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010). We need not decide whether plain error review applies, however, because Russell's challenge fails under the less demanding abuse-of-discretion standard for preserved sentencing arguments.

criminal history, including a troubling pattern of assault convictions. After weighing those aggravating facts with the mitigating facts presented during the sentencing hearing, the district court reasonably concluded that a 33-month sentence was appropriate. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (explaining that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Russell attempts to rebut the presumption of substantive reasonableness afforded to his sentence with facts that are hardly sufficient to do so. First, Russell asserts that law enforcement officers caught him with a firearm and ammunition during the execution of a search warrant only because he left his home to briefly stay at the searched location after getting into an argument with his girlfriend. Russell explains that he was previously convicted of assaulting his girlfriend and that he should receive some leniency for "walk[ing] away from an argument with [her], which historically would have escalated into a physical encounter." (Appellant's Br. (ECF No. 30) at 7). Second, Russell contends that, although officers discovered drugs in the house in which he was staying, he "did not succumb to the temptation to become involved in drug trafficking despite his personal problems with controlled substances and his lack of steady employment." (*Id.* at 8). Contrary to Russell's position, we are unpersuaded that Russell not committing two additional crimes while perpetrating the underlying offense rebuts the presumption of reasonableness afforded to his sentence.

Because Russell's sentence is reasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*