# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2021

Lyle W. Cayce
Clerk

No. 20-50615
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL RAMIREZ-PACHECO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-800-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Juan Manuel Ramirez-Pacheco appeals his guidelines minimum sentence of 30 months in prison for illegal reentry. He contends that the explanation for his sentence was inadequate and that the district court failed to address his arguments meaningfully. Because he did not object to the

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

procedural reasonableness of his sentence, we apply plain error review. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

The district court expressly acknowledged Ramirez-Pacheco's arguments about the pandemic, his cultural assimilation, and the overrepresentation of his criminal history. It denied a downward variance because of his decades-long, violent criminal history and the finding that he was unlikely to reform. Because the court considered his arguments and provided a reasoned basis for rejecting the requested sentence that allows for meaningful appellate review, he fails to show error, plain or otherwise. *See Gall v. United States*, 552 U.S. 38, 50 (2007); *Rita v. United States*, 551 U.S. 338, 356-57 (2007). To the extent he also contends that the district court failed to consider the 18 U.S.C. § 3553(a) factors and presumed the guidelines range was reasonable or treated the Guidelines as mandatory, such assertions are rebutted by the record.

Next, Ramirez-Pacheco contends that his sentence was substantively unreasonable, a challenge preserved by his request for a lower sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). He asserts that the sentence was arbitrary because the district court failed to provide adequate reasons, an assertion we have rejected. He also contends that the court did not account for his cultural assimilation and gave too much weight to his criminal history, including arrests. Having found that he was unlikely to change given his extensive criminal record, the district court's reasonable decision to give greater weight to his criminal history than his cultural assimilation implicated proper factors such as his history and characteristics, the need for deterrence, and the need to protect the public. *See* § 3553(a). He thus fails to overcome the presumption that the sentence was reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.