# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2021

Lyle W. Cayce
Clerk

No. 21-10210
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fredy Zamora-Reyes,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-121-1

---

Before King, Costa, and Ho, *Circuit Judges*

Per Curiam:*

Fredy Zamora-Reyes appeals his 95-month within-guidelines sentence imposed for his illegal reentry conviction. First, he argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that his guilty plea was not knowing and voluntary because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10210

the district court did not advise him that a prior conviction is an element of the offense under § 1326(b). As he concedes, however, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 239-47 (1998). *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).

Next, Zamora-Reyes contends that his sentence is substantively unreasonable. Our review is for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007).

The within-guidelines sentence that the district court imposed is entitled to a presumption of reasonableness. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). Zamora-Reyes's disagreement with the district court's balancing of the sentencing factors does not rebut that presumption, *see United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016), and we will not reweigh the sentencing factors, *see United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013). Moreover, Zamora-Reyes has not shown that the district court failed to account for a factor that should have received significant weight, that it gave "significant weight to an irrelevant or improper factor," or that it made "a clear error of judgment in balancing the sentencing factors." *Hernandez*, 876 F.3d at 166. Thus, the judgment of the district court is AFFIRMED.