NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0547n.06

No. 21-1086

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HALE EDWARD COTTON, JR., aka Hal Edward
Cotton, Jr.,

    Defendant-Appellant.

**FILED**
Nov 30, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE U.S.
DISTRICT COURT FOR THE
WESTERN DISTRICT OF
MICHIGAN

Before: McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Hale Cotton, Jr. pled guilty to being a felon in possession of a firearm. The district court sentenced him to 110 months' imprisonment, the low end of his Guidelines range. Cotton now argues that his sentence is both procedurally and substantively unreasonable. We affirm.

In June 2020, police officers in Lansing, Michigan had a warrant for Cotton's arrest. After receiving a tip about his whereabouts, officers saw Cotton participate in what they believed was a drug deal. The officers approached Cotton, who fled—first, on a children's bicycle and then, after falling from the bike, on foot. During the chase, the officers saw a black pistol in Cotton's hand. Cotton ran up to a house and attempted to open a locked door and a window. The officers soon caught up to him. A struggle ensued, and one of the officers tased Cotton to get him to drop the gun. Cotton continued to resist, but the officers eventually subdued him and discovered that he

had also been holding a small bag of crack cocaine. Cotton was arrested and later charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a). He pled guilty. The district court calculated a Guidelines range of 110 to 120 months' imprisonment and sentenced Cotton to 110 months.

Cotton argues that his sentence was procedurally unreasonable because, he says, the district court failed to consider all of the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Cotton failed to raise this (or any other) objection at sentencing, so we review for plain error. *See United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009). Specifically, Cotton contends that the court considered only his criminal history and ignored his struggles with drug abuse. But a district court "need not discuss each and every § 3553(a) factor." *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007). Rather, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The record belies Cotton's procedural argument. At sentencing, the district court expressly considered Cotton's substance-abuse history: the court found that Cotton's drug abuse began when he was 15 years old; that it involved marijuana, codeine, cocaine, Xanax, and heroin; and that Cotton would benefit from substance-abuse treatment while in prison. The court also considered "the nature and circumstances of the offense," including that Cotton had fled from police, refused to drop the gun until he was tased, and even then continued to struggle with the officers. 18 U.S.C. § 3553(a)(1). Moreover, in fashioning Cotton's sentence, the court acknowledged "the need to avoid unwarranted sentence disparities." *Id.* § 3553(a)(6). The court did not err, let alone plainly err, in considering the statutory sentencing factors.

That leaves Cotton's challenge to the substantive reasonableness of his sentence, which we review for an abuse of discretion. *See Gall*, 552 U.S. at 51. Cotton received a within-Guidelines sentence—in fact, he received a sentence at the bottom of the Guidelines range—so we presume that his sentence is reasonable. *See, e.g.*, *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009).

Cotton tries to rebut that presumption by arguing that the district court imposed a sentence that was "greater than necessary" to achieve the goals of sentencing. 18 U.S.C. § 3553(a); *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). To that end, he asserts that his "sentence stems from a crime where he possessed a gun while holding a minimal amount of narcotics and fled from officers on a bicycle" and that he "apologized for his actions during the sentencing hearing." Cotton's Br. at 10–11. But Cotton ignores that he resisted arrest and attempted to break into a home while fleeing from police. And he ignores the district court's finding that, despite an extensive criminal history and "numerous interventions by the criminal justice system," he "has been unable to conform his behavior." The district court did not abuse its discretion in sentencing Cotton to 110 months' imprisonment.

The district court's judgment is affirmed.