[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11954

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMY LEE ASTROLOGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00024-AW-GRJ-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

When law enforcement analyzed the contents of Jeremy Astrologo's phone that he failed to disclose in his sexual predator registration, they found over eighty images of child pornography. Astrologo pleaded guilty to possessing the images, and the district court sentenced him to ten years in prison—the statutory minimum—and a life term of supervised release. Astrologo argues that the supervised release portion of his sentence is substantively unreasonable. After careful review, we affirm his sentence.

## I.

Astrologo had been convicted of sex-related offenses against minors before. And in both cases, he had repeatedly violated the terms of his probation. In 1997, at age nineteen, Astrologo was convicted of attempted lewd and lascivious assault against his six-year-old sister and was sentenced to five years on probation. Instead of complying with the terms of his probation, Astrologo changed his residence without permission, failed to report to his probation officer, failed to attend treatment, and failed to pay required fines and fees. These violations landed Astrologo in the county jail in 2000 and then in state prison in 2001.

Then, while still on probation in 2003, Astrologo committed a new offense—engaging in sexual intercourse with a minor. This time he was sentenced to five years in prison and two years on probation. After this second conviction, Astrologo became

obligated to maintain a sexual predator registration. After he was released from prison, Astrologo again repeatedly violated the terms of his probation. In one instance, while on the property of the behavioral healthcare center where he was receiving treatment, he looked up pictures of minors on a computer and solicited oral sex.

Some years later, the Alachua County Sheriff's Office learned that Astrologo had moved out of his apartment without updating his registered address; after some investigation, a detective found him staying at a hotel. While speaking with him, the detective learned that Astrologo had also failed to register his cell phone. Forensic examination later revealed that his phone contained between eighty-eight and ninety-two images of child pornography.

Astrologo pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The presentence investigation report explained that the statutory minimum sentence was 10 years and that the Guidelines recommended the same sentence. *See* 18 U.S.C. § 2252A(b)(2); U.S. Sentencing Guidelines § 5G1.1(b) (2018) (recommending at least the statutory minimum). It also noted that 18 U.S.C. § 3583(k) authorized any term of supervised release between five years and life, and that the Guidelines recommended life if Astrologo had committed a "sex offense." *See* U.S.S.G. § 5D1.2(b)-(c).

At the sentencing hearing, Astrologo did not dispute the facts outlined in the presentence investigation report, including the

details of his prior state offenses and violations of probation.  He conceded that the proposed supervised release conditions in the report were "appropriate for this offense of conviction" and that he would "benefit from being on federal supervised release" because it could provide a "good treatment regime."  Astrologo asked the court to impose no more than "the mandatory minimum sentence."

The district court sentenced Astrologo to the minimum term of 10 years of imprisonment along with a life term of supervised release.  The sentence incorporated the presentence investigation report with one minor edit, and the court found that Astrologo's offense was "serious" and that his criminal history was "very troubling."  It also concerned the court that Astrologo's past sentences had not deterred him from committing more offenses.  But balancing these concerns with Astrologo's ongoing health issues, it decided not to impose a higher sentence.  The court said that it had weighed the 18 U.S.C. § 3553(a) factors and had found that the sentence complied with the statutory purposes of sentencing and accounted for "the seriousness of the offense and the characteristics of the defendant."  It emphasized that the life term of supervised release was "particularly appropriate" due to Astrologo's history of repeated sexual offenses against minors and repeated violations of probation—including soliciting sex at a treatment center.

Astrologo appeals the life term of supervised release.

## II.

When a criminal defendant argues that his sentence is substantively unreasonable, we review the district court's decision for an abuse of its discretion.[1] *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A district court abuses its discretion when it (1) fails to consider relevant, significant factors; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). District courts are granted broad discretion in sentencing, so we will reverse only if the sentence clearly falls "outside the range of reasonable sentences." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013).

## III.

Astrologo argues that the life term of supervised release was substantively unreasonable because the district court "did not give any attention, on the record, to the length of the supervised release term" at his sentencing hearing. He also argues that the district

---

[1] The government argues that we should review only for plain error. Although Astrologo focused on the term of imprisonment at the sentencing hearing, he requested the statutory minimum sentence. His sentence included both imprisonment and supervised release, so his request for the minimum sentence preserved his substantive reasonableness challenge to the longer term of supervised release. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). And regardless, Astrologo's claim fails under either standard of review.

court should have focused on different § 3553(a) factors than it did. Both arguments fail.

The district court adequately explained why it imposed a life term of supervised release. When sentencing a defendant, a district court must consider the applicable 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3583 (including § 3553(a)(1), (2)(B)-(D), and (4)-(6)); *cf. Rosales-Bruno*, 789 F.3d at 1254. But it is not required to give all factors equal weight—it may emphasize the factors it finds more relevant—nor is it required to explicitly discuss every factor. *See Rosales-Bruno*, 789 F.3d at 1254; *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). At the sentencing hearing, the district court considered the applicable § 3553(a) factors. It concluded that a life term of supervised release was "particularly appropriate" given Astrologo's prior conviction for attempted lewd and lascivious assault, his conviction for unlawful sexual activity with a minor, and his repeated violations of the terms of his probation. It also accounted for Astrologo's ongoing health problems, the applicable Guidelines, and his history—which were detailed in the presentence investigation report. The Guidelines recommended imposing a life term of supervised release because Astrologo had committed a "sex offense." *See* U.S.S.G. §§ 5D1.2(b)(2), 5D1.2 cmt. n.1. The fact that the Guidelines made this recommendation is an indicator that it was reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The district court thus did not abuse its discretion. It balanced the applicable § 3553(a) factors and imposed a reasonable sentence.

Astrologo also claims that the district court stressed the wrong factors. Discussing § 3553(a)(6), he says that sentencing him to a life term of supervised release creates a disparity because it was designed for "sex offenders who had committed contact offenses against children," whereas he did not produce his collection of child pornography images. (This argument is flimsy at best—Astrologo was twice convicted of state offenses that involved sexual contact with minors.) As for § 3553(a)(4)-(5), he says that the court should have ignored the Guidelines because they unreasonably recommended the same term of supervised release for all sex offenders. But Astrologo gets it backwards: District courts must consider the Guidelines precisely because they "are an indispensable tool in helping courts achieve Congress's mandate to consider the need to avoid unwarranted sentence disparities among similarly situated defendants." *Irey*, 612 F.3d at 1217 (quotation omitted). Further, the decision "about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). The district court therefore did not abuse its discretion when it prioritized factors other than the factors Astrologo preferred.

★    ★    ★

The district court's decision to sentence Astrologo to a life term of supervised release was substantively reasonable. We **AFFIRM**.