(Slip Opinion) OCTOBER TERM, 2019 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## HOLGUIN-HERNANDEZ *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 18–7739. Argued December 10, 2019—Decided February 26, 2020

A criminal defendant who wants to "preserve a claim of error" for appellate review must first inform the trial judge "of [1] the action the party wishes the court to take, or [2] the party's objection to the court's action and the grounds for that objection." Fed. Rule Crim. Proc. 51(b).

Petitioner Holguin-Hernandez was convicted on drug charges and sentenced to 60 months in prison and five years of supervised release while he was still serving a term of supervised release for an earlier conviction. The Government asked the District Court to impose an additional consecutive prison term of 12 to 18 months for violating the conditions of the earlier term. Petitioner countered that 18 U. S. C. §3553's sentencing factors either did not support imposing any additional time or supported a sentence of less than 12 months. The court nonetheless imposed a consecutive 12-month term. Petitioner argued on appeal that this sentence was unreasonably long because it was " 'greater than necessar[y]' to accomplish the goals of sentencing," *Kimbrough* v. *United States*, 552 U. S. 85, 101, but the Fifth Circuit held that he had forfeited that argument by failing to object to the reasonableness of the sentence in the District Court.

*Held*: Petitioner's district-court argument for a specific sentence (nothing or less than 12 months) preserved his claim on appeal that the sentence imposed was unreasonably long. A party who informs the court of the "action" he "wishes the court to take," Rule 51(b), ordinarily brings to the court's attention his objection to a contrary decision. That is certainly true where, as here, the defendant advocates for a sentence shorter than the one actually imposed. Judges, having in mind their "overarching duty" under §3553(a) "to 'impose a sentence sufficient, but not greater than necessary,' to serve the purposes of sentencing," would ordinarily understand that a defendant in that circumstance

Syllabus

was making the argument that the shorter sentence would be " 'sufficient' " and a longer sentence " 'greater than necessary.' " *Pepper* v. *United States*, 562 U. S. 476, 493 (quoting §3553(a)). Nothing more is needed to preserve a claim that a longer sentence is unreasonable. Defendants need not also refer to the "reasonableness" of a sentence. Rule 51 abolished the requirement of making formal "exceptions" to a district court's decision. And, in any event, reasonableness pertains to the standard of "*appellate* review" of a trial court's sentencing decision, *Gall* v. *United States*, 552 U. S. 38, 46 (emphasis added); it is not the substantive standard that trial courts apply under §3553(a). A defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is "greater than necessary" has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence.

Other issues raised by the Government and *amicus* are not addressed here because they were not considered by the Fifth Circuit. Pp. 4–6.

746 Fed. Appx. 403, vacated and remanded.

BREYER, J., delivered the opinion for a unanimous Court. ALITO, J., filed a concurring opinion, in which GORSUCH, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 18–7739

## GONZALO HOLGUIN-HERNANDEZ, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[February 26, 2020]

JUSTICE BREYER delivered the opinion of the Court.

A criminal defendant who wishes a court of appeals to consider a claim that a ruling of a trial court was in error must first make his objection known to the trial-court judge. The Federal Rules of Criminal Procedure provide two ways of doing so. They say that

"[a] party may preserve a claim of error by informing the court . . . of [1] the action the party wishes the court to take, or [2] the party's objection to the court's action and the grounds for that objection." Fed. Rule Crim. Proc. 51(b).

Errors "not brought to the court's attention" in one of these two ways are subject to review only insofar as they are "plain." Rule 52(b); see *United States* v. *Olano*, 507 U. S. 725, 732–736 (1993).

In this case, a criminal defendant argued in the District Court that the sentencing factors set forth in 18 U. S. C. §3553(a) did not support imposing any prison time for a supervised-release violation. At the very least, the defendant contended, any term of imprisonment should be less than 12 months long. The judge nevertheless imposed a

sentence of 12 months.  The question is whether the defend-
ant's district-court argument for a specific sentence
(namely, nothing or less than 12 months) preserved his
claim on appeal that the 12-month sentence was unreason-
ably long.  We think that it did.

I

The petitioner in this case, Gonzalo Holguin-Hernandez,
was convicted of drug trafficking and sentenced to 60
months in prison and five years of supervised release.  At
the time of his conviction, he was also serving a term of su-
pervised release related to an earlier crime.  The Govern-
ment asked the court to find that petitioner had violated
the conditions of that earlier term, to revoke it, and to im-
pose an additional consecutive prison term consistent with
the pertinent Sentencing Guidelines, namely, 12 to 18
months in prison.  See United States Sentencing Commis-
sion, Guidelines Manual §§7B1.4(a), 7B1.3(f) (Nov. 2018).

Petitioner's counsel argued that there "would be no rea-
son under [18 U. S. C. §]3553 that an additional consecutive
sentence would get [petitioner's] attention any better than"
the five years in prison the court had already imposed for
the current trafficking offense.  App. 10.  She added that
the petitioner understood that, if he offended again, he was
"going to serve his life in prison."  *Ibid.*  And she urged the
court to impose either "no additional time or certainly less
than the [G]uidelines."  *Ibid.*  At the least, she said, the
court should "depart" from the Guidelines, imposing a sen-
tence "below" the applicable range "because it is a substan-
tial sentence and to me over represents the role that he
played in" the underlying offense.  *Ibid.*

The court then imposed a consecutive term of 12 months,
a sentence at the bottom of, but not below, the Guidelines
range.  See *id.*, at 11.  The judge indicated that he did not
disagree with counsel's argument, but thought that circum-
stances justified a greater sentence.  He asked counsel if

there was "[a]nything further." *Ibid.* Counsel said that there was not. See *ibid.*

Petitioner appealed, arguing that the 12-month sentence was unreasonably long in that it was "'greater than necessar[y]' to accomplish the goals of sentencing." *Kimbrough* v. *United States*, 552 U. S. 85, 101 (2007) (quoting 18 U. S. C. §3553(a)); see also, *e.g.*, *Gall* v. *United States*, 552 U. S. 38, 49–50 (2007) (noting the District Court's obligation to "consider all of the §3553(a) factors to determine" the "appropriate sentence"); 18 U. S. C. §3583(e) (making these factors applicable in substantial part to proceedings to revoke or modify a term of supervised release). The Court of Appeals held that petitioner had forfeited this argument by failing to "object in the district court to the reasonableness of the sentence imposed." 746 Fed. Appx. 403 (CA5 2018) (*per curiam*). The court would, of course, consider whether the error petitioner asserted was "plain." See *ibid.*; Rule 52(b) (permitting review of a plain error "even though it was not brought to the court's attention"). But it found no plain error, and so it affirmed.

Petitioner sought review in this Court and, in light of differences among the Courts of Appeals, we granted his petition for certiorari. Compare 746 Fed. Appx. 403 with, *e.g.*, *United States* v. *Curry*, 461 F. 3d 452, 459 (CA4 2006); *United States* v. *Vonner*, 516 F. 3d 382, 389 (CA6 2008) (en banc); *United States* v. *Castro-Juarez*, 425 F. 3d 430, 433–434 (CA7 2005); *United States* v. *Sullivan*, 327 Fed. Appx. 643, 645 (CA7 2009); *United States* v. *Autery*, 555 F. 3d 864, 868–871 (CA9 2009); *United States* v. *Torres-Duenas*, 461 F. 3d 1178, 1183 (CA10 2006); *United States* v. *Gonzalez-Mendez*, 545 Fed. Appx. 848, 849, and n. 1 (CA11 2013); *United States* v. *Bras*, 483 F. 3d 103, 113 (CADC 2007). Because the Government agrees with petitioner that the Fifth Circuit's approach is inconsistent with the Federal Rules of Criminal Procedure, we appointed K. Winn Allen to defend

the judgment below as *amicus curiae.* He has ably dis-
charged his responsibilities.

## II

Congress has instructed sentencing courts to impose sen-
tences that are "'sufficient, *but not greater than necessary*,
to comply with'" (among other things) certain basic objec-
tives, including the need for "just punishment, deterrence,
protection of the public, and rehabilitation." *Dean* v. *United
States*, 581 U. S. ___, ___ (2017) (slip op., at 4) (quoting 18
U. S. C. §3553(a)(2); emphasis added); see *Pepper* v. *United
States*, 562 U. S. 476, 491, 493 (2011). If the trial court fol-
lows proper procedures and gives adequate consideration to
these and the other listed factors, then the question for an
appellate court is simply, as here, whether the trial court's
chosen sentence was "reasonable" or whether the judge in-
stead "abused his discretion in determining that the
§3553(a) factors supported" the sentence imposed. *Gall*,
552 U. S., at 56; see *United States* v. *Booker*, 543 U. S. 220,
261–262 (2005).

By "informing the court" of the "action" he "wishes the
court to take," Fed. Rule Crim. Proc. 51(b), a party ordinar-
ily brings to the court's attention his objection to a contrary
decision. See Rule 52(b). And that is certainly true in cases
such as this one, where a criminal defendant advocates for
a sentence shorter than the one ultimately imposed.
Judges, having in mind their "overarching duty" under
§3553(a), would ordinarily understand that a defendant in
that circumstance was making the argument (to put it in
statutory terms) that the shorter sentence would be "'suffi-
cient'" and a longer sentence "'greater than necessary'" to
achieve the purposes of sentencing. *Pepper*, 562 U. S., at
493 (quoting §3553(a)). Nothing more is needed to preserve
the claim that a longer sentence is unreasonable.

We do not agree with the Court of Appeals' suggestion

that defendants are required to refer to the "reasonableness" of a sentence to preserve such claims for appeal. See 746 Fed. Appx. 403; *United States* v. *Peltier*, 505 F. 3d 389, 391 (CA5 2007). The rulemakers, in promulgating Rule 51, intended to dispense with the need for formal "exceptions" to a trial court's rulings. Rule 51(a); see also Advisory Committee's 1944 Notes on Fed. Rule Crim. Proc. 51, 18 U. S. C. App., p. 591. They chose not to require an objecting party to use any particular language or even to wait until the court issues its ruling. Rule 51(b) (a party may "infor[m] the court" of its position either "when the court ruling or order is made or" when it is "sought"). The question is simply whether the claimed error was "brought to the court's attention." Rule 52(b). Here, it was.

The Court of Appeals properly noted that, to win on appeal, a defendant making such a claim must show that the trial court's decision was not "reasonable." *Gall*, 552 U. S., at 56. But that fact is not relevant to the issue here. Our decisions make plain that reasonableness is the label we have given to "the familiar abuse-of-discretion standard" that "applies to *appellate* review" of the trial court's sentencing decision. *Id.*, at 46 (emphasis added); see *Kimbrough*, 552 U. S., at 90–91; *Rita* v. *United States*, 551 U. S. 338, 351 (2007); *Booker*, 543 U. S., at 261. The substantive standard that Congress has prescribed for *trial* courts is the "parsimony principle" enshrined in §3553(a). *Dean*, 581 U. S., at \_\_\_ (slip op., at 4); see *Pepper*, 562 U. S., at 491. A defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is "greater than necessary" has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence. He need not also refer to the standard of review.

## III

The Government and *amicus* raise other issues. They ask

us to decide what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence. And they ask us to decide when a party has properly preserved the right to make particular arguments supporting its claim that a sentence is unreasonably long. We shall not consider these matters, however, for the Court of Appeals has not considered them. See, *e.g., Tapia* v. *United States*, 564 U. S. 319, 335 (2011); *Cutter* v. *Wilkinson*, 544 U. S. 709, 718, n. 7 (2005). We hold only that the defendant here properly preserved the claim that his 12-month sentence was unreasonably long by advocating for a shorter sentence and thereby arguing, in effect, that this shorter sentence would have proved "sufficient," while a sentence of 12 months or longer would be "greater than necessary" to "comply with" the statutory purposes of punishment. 18 U. S. C. §3553(a).

The judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

———————

No. 18–7739

———————

## GONZALO HOLGUIN-HERNANDEZ, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[February 26, 2020]

JUSTICE ALITO, with whom JUSTICE GORSUCH joins, concurring.

I agree with the Court that a defendant who requests a specific sentence during a sentencing hearing need not object to the sentence after its pronouncement in order to preserve a challenge to its substantive reasonableness (*i.e.*, length) on appeal. I write to emphasize what we are not deciding.

*First*, we do not decide "what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence." *Ante*, at 6. That question is not currently before us. Nevertheless, as we have previously explained, failing to object at all to a procedural error (*e.g.*, a district court's miscalculation of the Guidelines range) will subject a procedural challenge to plain-error review. *Molina-Martinez* v. *United States*, 578 U. S. \_\_\_, \_\_\_–\_\_\_ (2016) (slip op., at 4).

*Second*, we do not decide what is sufficient to preserve any "particular" substantive-reasonableness argument. *Ante*, at 6. Again, the question here "is simply whether the claimed error was 'brought to the court's attention.'" *Ante*, at 5 (quoting Fed. Rule Crim. Proc. 52(b)). Thus, we do not suggest that a generalized argument in favor of less imprisonment will insulate *all* arguments regarding the length of a sentence from plain-error review. The plain-error rule

serves many interests, judicial efficiency and finality being chief among them.  See *Puckett* v. *United States*, 556 U. S. 129, 134–135 (2009).  Requiring a party to bring an error to the attention of the court enables the court to correct itself, obviating the need for an appeal.  At the very least, the court can explain its reasoning and thus assist the appellate process.  A court cannot address particular arguments or facts not brought to its attention.

*Third*, we do not decide whether this petitioner properly preserved his particular substantive-reasonableness arguments, namely, that he did not pose a danger to the public and that a 12-month sentence would not serve deterrence purposes.  See *ante*, at 2, 5–6.  In determining whether arguments have been preserved, courts should make a case-specific assessment of how the error was "brought to the court's attention."  Rule 52(b); see also, *e.g.*, *United States* v. *Vonner*, 516 F. 3d 382, 392 (CA6) (en banc) ("While we do not require defendants to challenge the 'reasonableness' of their sentences in front of the district court, we surely should apply plain-error review to any arguments for leniency that the defendant does not present to the trial court"), cert. denied, 555 U. S. 816 (2008).  On remand, the Fifth Circuit can decide whether petitioner preserved these specific arguments and whether the sentence was substantively unreasonable.