[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13699
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00068-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY LEE JACKSON,
a.k.a. Robert Simpson, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 28, 2020)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ricky Lee Jackson appeals his 96-month prison sentence, which the district court imposed after he pled guilty to one count of possession of a firearm by a convicted felon. After careful review, we affirm.

## I.    BACKGROUND

Jackson pled guilty pursuant to a plea agreement to a single count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR").[1] The PSR calculated a base offense level of 24 under U.S.S.G. § 2K2.1 because Jackson committed the offense after having sustained at least two felony convictions for either a crime of violence or a controlled substance offense. The PSR noted that those qualifying convictions were a 2007 South Dakota conviction for possession with intent to distribute more than one ounce but less than one-half pound of marijuana and a 2012 Iowa conviction for possession with intent to deliver marijuana, a controlled substance. After a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, the PSR calculated a total offense level of 21. The PSR noted a number of prior convictions and that Jackson committed the instant offense while on parole and calculated 37 criminal history points, for a total criminal history

---

[1] We recount here the calculations and facts set forth in the final, revised PSR in this case.

category of VI.  A total offense level of 21 and a criminal history category of VI yielded a guidelines range of 77 to 96 months' imprisonment.

Jackson filed a sentencing memorandum in which he requested a downward variance, arguing that the two convictions upon which his base offense level was calculated involved small amounts of marijuana and that he never actually intended to distribute the marijuana.  He acknowledged that the base offense level calculation from U.S.S.G. § 2K2.1 was correct but argued that had the convictions been for simple possession, his base offense level would have been 14, yielding a guidelines range of 30 to 37 months.  Jackson also emphasized several mitigating factors, including that his stepfather sold drugs when Jackson was a child, contributing to Jackson's primarily drug-related criminal history; he was exposed to alcohol at an early age; and his father died when he was seven.  The PSR included these facts as well.  Jackson attached to the memorandum letters to the court from his 12-year-old daughter, girlfriend, and mother, all of which attested to Jackson's good character and requested leniency.  He also attached a letter he wrote the court apologizing for the offense.

At sentencing, the district court stated that it had read Jackson's memorandum and the letters attached to it.  The court noted Jackson's extensive criminal history—with "probably about as many" criminal history points and "about as many" arrest entries as it had ever seen—but that many of those crimes

3

were possession offenses.  Doc. 61 at 10-11.[2]  Jackson again requested a downward variance, reiterating the arguments in his sentencing memorandum and explaining that he had a drug problem currently and for his whole life.  He argued that § 2K2.1 failed to account for differences in drug types and asked the court to consider that he was only convicted of possession of marijuana.

The district court sentenced Jackson to 96 months' imprisonment.  The court explained that in crafting the sentence it had carefully reviewed the PSR, the letters submitted on Jackson's behalf, his attorney's arguments, his sentencing memorandum, and his "very significant past criminal history."  *Id.* at 15.  The court also stated that it had reviewed the sentencing factors set forth in 18 U.S.C. § 3553(a) and that the sentence was "intended to meet the sentencing goals of punishment," general deterrence, specific deterrence, and public safety.  *Id.*

This is Jackson's appeal.

## II.    STANDARD OF REVIEW

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).[3]  *Gall v. United States*, 552

---

[2] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

[3] Jackson did not specifically object to the sentence the district court imposed, but his challenge is preserved because he requested a below-guideline sentence during the sentencing hearing and explained the basis for that request.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020) (holding that a defendant's argument for a specific sentence preserved his substantive reasonableness claim on appeal).

U.S. 38, 41 (2007). Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The sentencing court may base its findings of fact on facts admitted by a defendant's plea of guilty, undisputed statements in the PSI, or evidence presented at the sentencing hearing. *United States v. Saunders*, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in

5

considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court is free to "attach great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (internal quotation marks omitted). But a sentencing court's "single-minded[]" focus on one factor to the detriment of other relevant sentencing factors "is a symptom of an unreasonable sentence." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotation marks omitted).

We do not apply a presumption of reasonableness to sentences within the guidelines range, but we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). Also, a sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. *Id.* We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

## III.    DISCUSSION

Jackson argues that his sentence is substantively unreasonable because the court was required to consider his mitigation argument that his qualifying controlled substance offenses involved only marijuana in relatively small amounts,

6

which warranted a downward variance.  He argues that the court's "cursory acknowledgment" of this argument was so inadequate that it rendered his sentence substantively unreasonable.  Appellant's Br. at 12.

Regardless of whether we would have imposed the same term of incarceration had we been tasked with sentencing Jackson in the first instance, we cannot say that the district court abused its discretion in imposing a sentence of 96 months.  First, Jackson agreed at sentencing that the guideline calculations in the PSR were correct, and he acknowledged in his sentencing memorandum that the PSR's calculation of his base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) was correct.  Second, Jackson's argument that the district court did not meaningfully consider his mitigation argument is belied by the record.  The district court twice stated that it had read the sentencing memorandum.  Defense counsel argued zealously that Jackson's criminal history points and category overstated the seriousness of his prior offenses, and the court stated that it had listened to what Jackson's "attorney has said here today."  Doc. 61 at 14.  The court also reviewed the PSR, which explained the nature of Jackson's prior crimes as well as the mitigating facts Jackson argued in his sentencing memorandum.  The sentencing hearing was short, occupying only 18 pages of transcript, but it is clear from the record that the district court's analysis was not cursory.  Third, the district court based its decision on proper factors, expressly invoking several factors set forth in

7

§ 3553(a).  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).  The district court was within its discretion to place great weight on Jackson's criminal history.  *See Rosales-Bruno*, 789 F.3d at 1254.

Jackson's arguments on appeal have not left us with a definite and firm conviction that the district court committed a clear error of judgment.  *See Irey*, 612 F.3d at 1190.  We therefore affirm his sentence.

**AFFIRMED.**