# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2020

Lyle W. Cayce
Clerk

No. 20-10426
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT LEE WHALEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-63-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:[*]

Robert Lee Whaley challenges the substantive reasonableness of the sentence imposed for his failure to register as a sex offender. The district court varied upward from the advisory guidelines range of 12 to 18 months and sentenced Whaley to 24 months of imprisonment.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10426

We review the substantive reasonableness of his sentence for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). Whaley argues that his explanation that he traveled to be with his dying father should have received greater weight and showed that his failure to register his new address was inadvertent. According to Whaley, the explanation was sufficiently compelling to render the 24-month sentence greater than necessary under 18 U.S.C. § 3553(a).

The district court recognized that being with his dying father was a valid reason for Whaley to travel, but the court reasoned that Whaley could have complied with the registration requirements in doing so. Furthermore, the district court was troubled by Whaley's recidivism and the fact that his prior sentences, particularly the sentence imposed for his earlier conviction of the same offense, had not deterred him from additional criminal conduct. In the district court's opinion, the 24-month sentence here reflected the seriousness of Whaley's instant offense, his lack of respect for the registration requirement, and the need to protect the public.

"[O]ur review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted). Giving due deference to the district court's sentencing decision, we conclude that Whaley has not shown that the district court abused its discretion with respect to the substantive reasonableness of the sentence.

AFFIRMED.