# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2021

Lyle W. Cayce
Clerk

No. 20-10788
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KAREN MAXWELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-363-2

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Karen Maxwell pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10788

and (b)(1)(B).  She was sentenced to 262 months of imprisonment and four years of supervised release.

On appeal, Maxwell argues that the district court erred by imposing a substantively unreasonable sentence due to her advanced age and ill health. Additionally, she argues that there was no evidence that she was, as the district court found, a member of one of the largest methamphetamine rings ever in her area.  Maxwell has not shown that the district court failed to take into account a factor that should receive significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).   Therefore, she has not rebutted the applicable presumption that her sentence was reasonable or shown that the district court abused its discretion by imposing a substantively unreasonable sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *Cooks*, 589 F.3d at 186.

Accordingly, the district court's judgment is AFFIRMED.