**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7150**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ABDI RAZAQ ABSHIR OSMAN, a/k/a Abdirasaq Abshir,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:10-cr-00057-RAJ-DEM-5)

Submitted:  December 30, 2021                    Decided:  February 17, 2022

Before KING and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Abdi Razaq Abshir Osman, Appellant Pro Se.  Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdi Razaq Abshir Osman, a federal prisoner who was convicted of nine offenses for his participation in an attack on a United States Navy ship, appeals from the district court's memorandum opinion and order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. Osman moved for compassionate release on three independent grounds: (1) his susceptibility to serious illness should he contract COVID-19, (2) his children's circumstances in Somalia, and (3) the purported unjustness of his life sentence for piracy in light of the facts of his case.

The district court ruled that neither Osman's health problems combined with the COVID-19 pandemic nor his children's circumstances constituted "extraordinary and compelling reasons" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). In addressing the former, the court explained that Osman's refusal to be vaccinated against COVID-19 undermined his argument for release predicated on the pandemic. Furthermore, the court determined that a sentence reduction was not appropriate under the 18 U.S.C. § 3553(a) factors. The court thus denied Osman's compassionate release motion on those two grounds. On appeal, Osman contends that the district court erred by relying on his refusal of the COVID-19 vaccine and by failing to address one of his arguments for early release.[1] For the reasons that follow, we vacate and remand.

---

[1] Osman also observes that the district court made a factual error in discussing the background of his case. However, we conclude that the court's error was harmless because it played no part in the court's analysis.

We review for abuse of discretion the district court's denial of Osman's compassionate release motion. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Osman first argues that the district court erred by relying on his refusal of the COVID-19 vaccine because that refusal was based on his religious beliefs. However, Osman did not inform the district court that he had refused the vaccine for religious reasons, and nothing in the record would have alerted the court to that claim. We are satisfied that the district court did not abuse its discretion by failing to consider a claim that Osman never presented to it.[2] *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020) (Alito, J., concurring) ("A court cannot address particular arguments or facts not brought to its attention."); *Smith v. Marsh*, 194 F.3d 1045, 1052 n.5 (9th Cir. 1999) ("The district court did not abuse its discretion by failing to consider an argument that was never

---

[2] Insofar as we may review Osman's argument regarding his refusal to be vaccinated for plain error, we conclude that any error by the district court is not plain. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015) (describing plain error standard); *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) ("An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." (internal quotation marks omitted)).

presented to it."); *Datamatic Servs., Inc. v. United States*, 909 F.2d 1029, 1034 (7th Cir. 1990) (recognizing same).

Osman next contends that the district court's decision should be vacated because the court failed to explicitly address one of his arguments in support of compassionate release. In particular, Osman faults the district court for not addressing his claim that his life sentence for piracy is unjust in the circumstances of this case.

In *High*, we recognized that a district court resolving a compassionate release motion in a relatively simple case need not explicitly address each argument that the defendant presses in support of early release. 997 F.3d at 188-89. We also acknowledged, however, that more complex compassionate release cases may require a more detailed explanation from the district court. *Id.* at 189. And we explained that our ultimate inquiry in a compassionate release case is whether the district court has provided enough explanation—in light of the particular circumstances of the case—to permit "meaningful appellate review." *Id.*

In these proceedings, Osman presented a detailed argument that his life sentence for piracy is unjust, but the district court failed to acknowledge it. We conclude that the district court's failure to address that argument in this relatively complex case precludes "meaningful appellate review." *Id.* Accordingly, we will exercise our broad discretion to remand to the district court so that it may explicitly address Osman's challenge to his life sentence for piracy. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-66 (2018) (recognizing appellate court's broad discretion to request additional explanation from district court when it denies sentence reduction motion).

4

We therefore vacate the district court's opinion and order denying Osman's compassionate release motion and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*