# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2022

Lyle W. Cayce
Clerk

No. 21-50375
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VINCENT COURNOLUS BARNETT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-129-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Vincent Cournolus Barnett challenges the substantive reasonableness of the 151-month, within-guidelines sentence that was imposed following his guilty plea conviction for possession with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). He contends he deserved a lower sentence because the methamphetamine actual guideline provides an unwarranted sentencing disparity with defendants sentenced for the same drug quantity under the methamphetamine mixture guideline and because he received criminal history points for federal and state offenses that arose out of the same course of conduct. He contends there was no evidence that he was a drug kingpin or that he had any role in a drug trafficking organization. Because Barnett argued for a downward variance during sentencing, his challenge is reviewed for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).

Nothing in the record reflects that the district court failed to account for a factor that should have received significant weight or that it gave "significant weight to an irrelevant or improper factor," and the sentence does not represent a clear error of judgment in balancing the sentencing factors. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017); *see also United States v. Rebulloza*, 16 F.4th 480, 485 (5th Cir. 2021); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Moreover, Barnett's argument that the district court committed a clear error of judgment in balancing sentencing factors due to inadequate consideration of mitigating circumstances does not rebut the presumption that the within-guidelines sentence is reasonable. *See Hernandez*, 876 F.3d at 166-67. Such an argument amounts to a request for us to reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do. *Id.* at 167. The district court's judgment is therefore AFFIRMED.