[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11665

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MALIC STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cr-00064-WTM-CLR-2

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Malic Stephens appeals his 150-month sentence following his conviction for one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a).  On appeal, Stephens asserts that his sentence is substantively unreasonable because the district court did not sentence him to the low end of the guideline range.  After careful review, we affirm.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A criminal defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence.  *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).  We will not substitute our own judgment for that of the sentencing court and will sometimes affirm the district court even if it would have done something differently because the question is whether the district court's decision was "in the ballpark of permissible outcomes."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254, 1257 (11th Cir. 2015) (quotation marks omitted).

In reviewing the substantive reasonableness of a sentence, we consider the "'totality of the circumstances.'"  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting *Gall*, 552 U.S. at 51).  The district court must impose a sentence "sufficient, but

21-11665                Opinion of the Court                3

not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]   The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion. *Rosales-Bruno*, 789 F.3d at 1254.  In particular, we've said that, "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Id.* at 1261. The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. *Pugh*, 515 F.3d at 1191–92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

reasonableness.  *Id.* at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case.  *Pugh*, 515 F.3d at 1191.

The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts.  *Rosales-Bruno*, 789 F.3d at 1256.  While we do not formally presume that a within-guideline-range sentence is reasonable, we ordinarily expect it to be so.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  In addition, a district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness.  *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Here, the district court did not abuse its discretion in sentencing Stephens to 150 months' imprisonment.[2]  As the record

---

[2] Stephens preserved a substantive reasonableness challenge by advocating for a less severe sentence.  *Holguin-Hernandez*, 140 S. Ct. at 766–67.

reflects, the court acknowledged that it had considered the § 3553(a) factors and the parties' arguments, elaborated on the factors relevant to its decision -- especially Stephens's criminal history -- and expressed a desire for Stephens to avoid future law-breaking. Indeed, Stephens's criminal history, which involved various robbery, theft and firearm offenses, was serious, lengthy, and similar to the offense conduct here, which also involved a robbery. On this record, the court acted well within its "broad leeway" in giving Stephens's prior criminal history significant weight. *Rosales-Bruno*, 789 F.3d at 1261. This is especially true since his past offenses directly related to his history and characteristics and the likelihood that he would commit future crimes. 18 U.S.C. § 3553(a). Moreover, Stephens's 150-month sentence was within the guideline range and well below the statutory maximum penalty of 240 months' imprisonment, both factors that indicate reasonableness. *Hunt*, 526 F.3d at 746; *Croteau*, 819 F.3d at 1310.

Accordingly, Stephens has not shown that his sentence is substantively reasonable, and we affirm.

**AFFIRMED.**