[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10812

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MIGUEL MARTIN LUGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20796-AHS-5

_____

Before ROSENBAUM, JILL PRYOR, and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Martin Lugo appeals his total sentence of 292 months' imprisonment for conspiracy to distribute 5 kilograms or more of cocaine and conspiracy to commit money laundering. On appeal, Lugo argues that the district court abused its discretion in imposing a sentence that was longer than necessary to accomplish the goals of sentencing, in refusing to vary from the guideline range, and in failing to consider Lugo's background and family situation or the sentence of his codefendant Jose Luis Perez. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotations omitted). An appellant generally preserves a substantive reasonableness challenge for appeal by advocating for a lesser sentence than what the district court imposed, which is sufficient to bring to the district court's attention his view that a longer sentence is greater than necessary. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

We consider the "substantive reasonableness of the sentence" based on the "totality of the circumstances." *Pugh*, 515 F.3d at 1190 (quotations omitted). The district court must impose a sentence "sufficient, but not greater than necessary, to comply with

the purposes" listed in 18 U.S.C. § 3553(a).[1]  A court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotations omitted).  The district court does not have to give all the factors equal weight and is given discretion to attach

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the guideline range. *Id.* at 1259–60. However, it still maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259. The district court has wide discretion to decide whether the § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021).

In considering the need to avoid unwarranted sentence disparities, *see* 18 U.S.C. § 3553(a)(6), we consider whether the defendant is similarly situated to the defendants to whom he compares himself. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). Accordingly, the district court should not draw comparisons to cases involving defendants who were convicted of less serious offenses, pleaded guilty, or lacked extensive criminal histories, if those things are not true of the defendant. *United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011).

The district court's failure to specifically mention at sentencing certain mitigating factors does not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). District courts need not explicitly address all of the mitigating evidence, so long as the record reflects the court

considered the factors and the parties' arguments. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). In denying a request for a downward variance, the court also need not expressly mention every ground for the variance that the defendant argues. *United States v. Whyte*, 928 F.3d 1317, 1339 (11th Cir. 2019).

We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted). Under abuse-of-discretion review, we will affirm a sentence that falls within the range of reasonable sentences, even if we would have deemed a different sentence more appropriate. *Id.* at 1191. We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). A sentence being well below the statutory maximum is also indicative of a reasonable sentence. *Id.*

Here, Lugo failed to meet his burden of showing that the district court imposed a substantively unreasonable sentence. For starters, Lugo claims that the court did not consider his background or personal and family characteristics. But the record reflects that the court heard at length Lugo's arguments in mitigation, including testimony from his sons, who said he had taught them to be good men, fathers, and people in society. The court expressly acknowledged Lugo's sons' successful careers and their "strong family

unit," and the letters from his loved ones, neighbors and business associates that detailed Lugo's personal characteristics. The court then noted, however, that Lugo had committed "very, very serious" crimes -- which involved him supplying cocaine to his codefendant Perez and, together, them coordinating the delivery of multiple kilograms of cocaine from McAllen, Texas to Miami, Florida, using semi-tractor trailers. The court noted that the same judge had presided over the trial and ultimately determined that a bottom-of-the-guidelines sentence would provide sufficient punishment and adequate deterrence, and promote respect for the law. On this record, the court did not abuse its broad discretion in determining that a variance was not warranted in light of the seriousness of Lugo's crimes and the § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1254, 1259–60; *Rodriguez*, 628 F.3d at 1264; *Irey*, 612 F.3d at 1214. Further, to the extent the district court did not expressly mention every mitigating factor or argument, our case law does not require it to do so. *Snipes*, 611 F.3d at 873; *Taylor*, 997 F.3d at 1354; *Whyte*, 928 F.3d at 1339.

Lugo adds that the court did not consider the disparity between his sentence and his codefendant Perez's sentence. However, the record reflects that the court heard extensive argument about the differences between Lugo and Perez: (1) Perez entered a plea agreement, accepting responsibility, whereas Lugo had a 6-day trial; (2) the government only held Perez accountable for less than 50 kilograms based on his guilty plea, whereas Lugo had 150 to 450 kilograms attributed to him; and (3) Perez was a cooperating

witness at Lugo's trial and received a downward departure for his substantial assistance. Because Lugo and Perez were not similarly situated codefendants, the district court could not compare Lugo, who did not accept responsibility and had higher exposure due to the amount of cocaine attributed to him, to Perez, who received a lesser sentence based on his lesser culpable conduct, guilty plea, and cooperation with the government. *Azmat*, 805 F.3d at 1048; *Jayyousi*, 657 F.3d at 1118.

As for Lugo's claim that this sentence is essentially a life sentence for someone of his age, we will not vacate a sentence under abuse-of-discretion review only because we deem another sentence more appropriate, so long as the sentence falls within the range of reasonable sentences. *Irey*, 612 F.3d at 1190. Moreover, Lugo's sentence is at the bottom of the guideline range and well below the statutory maximum of life imprisonment, both of which indicate it is reasonable. *Stanley*, 739 F.3d at 656.

Accordingly, Lugo has not shown that the bottom-of-the-guidelines sentence of 292 months' imprisonment was substantively unreasonable, and we affirm.

**AFFIRMED.**