# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2023

Lyle W. Cayce
Clerk

No. 22-40402

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfredo De La Cruz Vela,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CR-308-1

Before Engelhardt, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Alfredo De La Cruz Vela appeals the sentence imposed following his guilty plea conviction for conspiring to possess with intent to distribute 50 grams or more of methamphetamine. De La Cruz Vela argues that the district court erred by (1) imposing a two-level enhancement because he maintained a residence—located at 3643 Rey Enrique Drive in Brownsville, Texas—for purposes of manufacturing or distributing a controlled substance, *see*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

U.S.S.G. § 2D1.1(b)(12), and (2) imposing a four-level enhancement because he was an organizer or leader of the criminal activity, *see* U.S.S.G. § 3B1.1(a). De La Cruz Vela further asserts that his 240-month below guidelines sentence is substantively unreasonable.

This court reviews the district court's "interpretation and application of the Guidelines *de novo*, and its factual findings for clear error." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (per curiam). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* "We will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

The district court properly adopted and relied on De La Cruz Vela's PSR to impose enhancements under the Guidelines. *See Zuniga*, 720 F.3d at 591; *United States v. Rico*, 864 F.3d 381, 386 (5th Cir. 2017). 'Generally, a PSR bears sufficient indicia of reliability to be considered as evidence [at sentencing].' *Zuniga*, 720 F.3d at 591 (internal quotation marks and citation omitted). De La Cruz Vela's PSR bears those indicia. It does not contain '[b]ald, conclusionary statements,' and De La Cruz Vela failed to demonstrate that the facts in the PSR are 'materially untrue, inaccurate or unreliable.' *See id.* (alteration in original) (internal quotation marks and citation omitted). Accordingly, the district court could consider the facts in the PSR for sentence enhancements. *See id.* (internal quotation marks and citation omitted).

The district court did not clearly err by imposing an enhancement pursuant to § 2D1.1(b)(12). *See Zuniga*, 720 F.3d at 590. As noted in the PSR, a confidential source reported that De La Cruz Vela controlled regular narcotics storage at 3643 Rey Enrique Drive and directed others to distribute narcotics that were stored at the house. Such behavior supports the §

2D1.1(b)(12) enhancement. *See* § 2D1.1, comment. (n.17). Accordingly, we are not left with "a definite and firm conviction that a mistake has been committed." *Zuniga*, 720 F.3d at 590.

Nor did the district court clearly err by imposing an enhancement pursuant to § 3B1.1(a). *See id.* The PSR provides 'detailed and consistent information' about De La Cruz Vela's substantial role as an organizer or leader. *See id.* at 592. [referring to Zuniga] De La Cruz Vela planned and organized the distribution of narcotics in the United States, found buyers for the narcotics in the United States, directed others to recruit accomplices, and led two other participants in the conspiracy. *See* § 3B1.1, comment. (n.2), (n.4). The PSR contains additional facts indicating that De La Cruz Vela retrieved vehicles containing narcotics once they arrived in the United States, collected money from load transporters after a successful job, paid drivers to transport vehicles to Mexico to deliver drug proceeds, made decisions regarding logistics for smuggling events, employed multiple people, and was referred to as "the boss." *Id.* In light of these facts, it is more than plausible that De La Cruz Vela was a leader or organizer of narcotics smuggling. *See Zuniga*, 720 F.3d at 590.

We review De La Cruz Vela's claim that his sentence is substantively unreasonable for abuse of discretion. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–77 (2020). A properly calculated sentence within or below the calculated guidelines range is entitled to a presumption of reasonableness. *United States v. Simpson*, 796 F.3d 548, 557 & n.51 (5th Cir. 2015). "Th[is] presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). De La Cruz Vela fails to rebut the presumption of reasonableness

given to his below-guidelines sentence because he does not show that the district court failed to consider that he cooperated with the Government to the detriment of his safety and welfare. *See id.*

The judgment of the district court is AFFIRMED.