# United States Court of Appeals for the Fifth Circuit

---

No. 23-30401
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dasmore T. Coleman,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-211-1

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Dasmore T. Coleman pleaded guilty to one count of distribution of methamphetamine and was sentenced within the guidelines range to 264 months of imprisonment, followed by five years of supervised release. He now appeals, challenging the substantive reasonableness of his sentence. Specifically, he contends that the district court did not adequately consider

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that (1) the underlying methamphetamine transactions were initiated by a confidential informant, (2) law enforcement dictated the quantity of drugs purchased by the informant, (3) the offense did not involve violence, and (4) Coleman was a "low-level" street dealer, instead of a major drug trafficker or repeat violent offender. Further, he argues that his offense was relatively minor due to the amount of drugs involved. According to Coleman, the district court only considered the punitive 18 U.S.C. § 3553(a) sentencing factors and did not consider whether the sentence was greater than necessary to achieve the goals of deterrence, respect for the law, protection of the public, and rehabilitation.

Coleman preserved this issue for appeal by "advocat[ing] for a sentence shorter than the one ultimately imposed" in the district court. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). We review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). A discretionary sentence imposed within a properly calculated guidelines range is entitled to a presumption of reasonableness, which may be rebutted "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors." *Rashad*, 687 F.3d at 644. A "disagreement" either "with the propriety of the sentence imposed" or with the district court's weighing of the § 3553(a) factors does not suffice to rebut the presumption of reasonableness. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016).

Here, the record reflects that the district court considered the presentence report, which contained all relevant information about the underlying offense and Coleman's history and characteristics, as well as the

parties' arguments, and the record generally, which contained defense counsel's sentencing memorandum and letters of support from Coleman's family and friends.  Further, the district court stated that it considered the § 3553(a) factors and "appropriate policy concerns."  Ultimately, the district court concluded that the guidelines range was fair and reasonable, and a 264-month sentence, at the lower end of the range, was warranted.  Essentially, Coleman asks this court to "reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do."  *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).  Because Coleman has not rebutted the presumption of reasonableness afforded his within-guidelines sentence, we conclude that the district court did not abuse its discretion.  *See id.*

AFFIRMED.