# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2024

Lyle W. Cayce
Clerk

———————

No. 24-30094
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kavari L. Jones,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-85-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Kavari L. Jones appeals his within-guidelines sentence of consecutive terms of 10 months of imprisonment and 60 months of imprisonment after his guilty plea conviction for possession with intent to distribute marijuana and possession of a firearm during a drug trafficking crime, respectively.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30094

Jones argues that his within-guidelines sentence is greater than necessary in light of the 18 U.S.C. § 3553(a) factors and his mitigating circumstances.

We review his properly preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Holguin-Hernandez v. United States*, 589 U.S. 169, 173-74 (2020). Review of a sentence's substantive reasonableness is "highly deferential" to the district court. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted).

Jones has not rebutted the presumption of reasonableness because he has not demonstrated that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Simpson*, 796 F.3d 548, 558 (5th Cir. 2015) (internal quotation marks and citation omitted). The district court properly considered the § 3553(a) factors, the presentence report, Jones's sentencing memorandum, and the relevant policy considerations discussed in the memorandum. *See id.* This court will not independently reweigh the § 3553(a) factors or substitute its own judgment for that of the district court. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.