[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11277

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH ADDISON MARTIN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80162-AMC-1

————————————————

Before ROSENBAUM, NEWSOM, AND ABUDU, Circuit Judges.

PER CURIAM:

Joseph Martin appeals the substantive reasonableness of his 42-year sentence for a conspiracy to distribute child pornography. At sentencing, a district court must consider the sentencing factors in 18 U.S.C. § 3553(a). Martin argues that the district court failed to properly weigh "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In particular, Martin asserts that the district court did not adequately consider the sentences imposed on other individuals involved in the child-exploitation enterprise, including a more culpable co-conspirator, Selwyn Rosenstein, who received only a 28-year sentence, and several mid-level managers just below Martin in the enterprise hierarchy, who received sentences between 20 and 25 years.

We review the substantive reasonableness of a sentence for an abuse of discretion and consider the totality of the circumstances. *United States v. Steiger*, 107 F.4th 1315, 1319–21 (11th Cir. 2024) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1] We will vacate a sentence only when "we are left with the definite and firm

---

[1] A defendant who requests a lower sentence than one that was given has preserved a claim for substantive unreasonableness—he need not use the term "reasonable." *Holguin-Hernandez v. United States*, 589 U.S. 169, 174 (2020). At sentencing, Martin asked for a 30-year sentence, which was lower than the 42-year sentence imposed by the district court.

conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and quotation marks omitted). "A sentence well below the statutory maximum indicates reasonableness." *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) (citation omitted).

We hold that the district court did not abuse its discretion in imposing a 42-year sentence because Martin and his co-conspirators were not similarly situated. There can be no unwarranted sentencing disparities among codefendants who are not similarly situated. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015); *see also United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity . . . assumes that apples are being compared to apples." (citation and quotation marks omitted)). Defendants convicted of more crimes or more serious offenses are not similarly situated. *Azmat*, 805 F.3d at 1048.

While the district court did not explicitly compare Martin to his co-conspirators on the record, in explaining its sentence the court recognized that Martin engaged in uniquely aggravating conduct that his co-conspirators did not. For example, the court acknowledged that Martin was a founder of the child-pornography website, took steps to rebuild it after it was shut down by authorities, and engaged in producing child pornography when he directly solicited a minor into performing degrading and painful sex acts,

which he recorded and kept.  By refusing Martin's request for a 30-year sentence, the district court implicitly determined Martin to not be similarly situated to the other co-conspirators whom the court gave lesser sentences to.  Additionally, the 42-year sentence imposed is well below the statutory maximum of life imprisonment, which further indicates its reasonableness.  *See Olson*, 127 F.4th at 1276.

**AFFIRMED.**