# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 21-60639
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Travaris Devon Bishop,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-107-1

_____

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Travaris Devon Bishop pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues on appeal that his 120-month sentence, which is an upward variance from the guidelines range of 30-37 months, is substantively unreasonable.

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60639

Bishop properly preserved his challenge to the substantive reasonableness of his sentence by arguing for a within-guidelines sentence and objecting to the sentence imposed. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). Thus, this court's review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Though Bishop objects to the district court's consideration of his failure to financially support his children, this was but one factor relied on by the court. Moreover, his argument that the court's comment regarding his failure to pay child support for his six children is an unconstitutional intrusion on his right to bear children mischaracterizes the court's statements at sentencing. The court merely considered Bishop's avoidance of his family obligations, including financial support, in addressing his personal history and characteristics, which is an appropriate factor for the court to consider. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013).

Bishop also points to evidence in the record that he provided some financial support to his children and argues that the district court's conclusion to the contrary was error and serves as an additional basis for vacating his sentence. Though the presentence report reflected that Bishop occasionally gave his longtime girlfriend cash for the care of their children, the probation officer clarified at sentencing that after the couple separated, Bishop stopped providing any financial support. Because the unrebutted evidence at sentencing supported the district court's conclusion that Bishop did not financially support his children, Bishop's argument that the court relied on erroneous factual findings in sentencing him to the statutory maximum is without merit. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

No. 21-60639

Additionally, Bishop argues that the district court erred in varying upward from the guidelines based, in part, on its "extrajudicial investigation" into the community's opinions about crime. The sentencing judge's comments regarding his personal knowledge of community concern about crime is reasonably related to the statutory sentencing goal of protecting the public from further crimes of the defendant. *See* § 3553(a)(2)(C). The judge made the statements after reciting Bishop's criminal history, which included two house burglaries and a prior state conviction for possession of a firearm by a convicted felon, and after expressing concern that a guidelines sentence, which would put Bishop "back out on the streets real fast," would not adequately protect the local community from recidivists like Bishop. Moreover, as the Government points out, the district court did not refer to its personal knowledge of the community's opinions on crime when explaining its reasons for imposing the statutory maximum sentence.

Finally, Bishop argues that his 120-month sentence is substantively unreasonable in that it represents a clear error in judgment by the district court in balancing the § 3553(a) sentencing factors. Although Bishop "may disagree with how the district court balanced the § 3553(a) factors, [his] argument that these factors should have been weighed differently is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.