# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2022

Lyle W. Cayce
Clerk

———————

No. 21-51111
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Terrance Darrell Johnson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-155-2

———————————————————

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Terrance Darrell Johnson appeals the 24-month sentence imposed following the revocation of his supervised release. His sentence exceeded the suggested sentencing range but was not greater than the statutory maximum.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51111

Johnson contests the substantive reasonableness of the sentence. He argues that the sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and contends that the district court erroneously applied the sentencing factors. Because he preserved his claim, we apply the plainly-unreasonable standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The record reflects that the district court's justification for imposing the revocation sentence was reasoned, fact-specific, and consistent with the § 3553(a) sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013). The district court undertook an individualized assessment of the facts and concluded that a sentence of 24 months in prison was proper to satisfy the aims of § 3553(a). There is no indication that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Warren*, 720 F.3d at 332.

Johnson complains that the district court lacked a full understanding of his history and circumstances because no presentence report (PSR) had been prepared since his initial sentencing. His claim that a PSR was required is substantially undermined by our caselaw, *see Warren*, 720 F.3d at 327-28 & n.1, and he has not shown that the lack of an updated PSR, a purported error that he asserts initially on appeal, justifies reversal on plain-error review, *see United States v. Urbina-Fuentes*, 900 F.3d 687, 691 (5th Cir. 2018). The record otherwise supports that the district court was aware of and considered the history and characteristics reflected in the information before the court.

Further, Johnson asserts that his sentence was more severe than other defendants sanctioned for similar supervised-release violations. He contends that the district court did not consider any unwarranted sentencing disparity,

2

in contravention of § 3553(a)(6).  However, he does not present any apposite comparison between himself and a similarly situated defendant and therefore has failed to allege or establish that his sentence is disparate relative to any comparable defendant.  *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019); § 3553(a)(6).

His assertion that the sentence does not reflect an accurate evaluation or application of the § 3553(a) sentencing factors or is improper in light of the nature of his violation reflects nothing more than his disagreement with the district court's weighing of the factors.  His displeasure with the weight given to particular factors does not justify reversal.  *See Warren*, 720 F.3d at 332.  The fact that we could reasonably have held that a different sentence was proper does not render the sentence unreasonable.  *Id.*  The record otherwise reflects that the decision to impose a sentence above the suggested guidelines range was not an abuse of discretion.  *See id.* at 332-33.

The judgment is AFFIRMED.