# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2022

Lyle W. Cayce
Clerk

No. 21-11139
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OTIS EARL WHITFIELD, II,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-116-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Otis Earl Whitfield, II, appeals the sentence imposed following his guilty plea conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He argues that his 78-month within-guidelines sentence was substantively unreasonable. He further argues that U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 2K2.1(a)(4)(B) is not based on empirical evidence or national experience, and thus the Sentencing Guidelines unfairly punish felons who, like him, possess firearms that can accept a magazine holding more than 15 rounds.

Because Whitfield preserved his challenge to the substantive reasonableness of his sentence, our review is for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-77 (2020); *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). A properly calculated sentence within the guidelines range is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). This presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *Id.*

Although Whitfield attempts to show that his sentence does not account for a factor that should receive significant weight, he fails to rebut the presumptive reasonableness of his sentence. *See id.* At sentencing, the district court heard and considered Whitfield's discussion of the nature and circumstances of his offense, including his argument that the § 2K2.1(a)(4)(B) enhanced base offense level overstated the severity of his offense. Thus, the record does not reflect that the district court failed to account for the nature and circumstances of Whitfield's offense. *See Cooks*, 589 F.3d at 186. To the extent Whitfield disagrees with the district court's weighing of the 18 U.S.C. § 3553(a) factors, that "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Further, Whitfield's argument that his sentence was based on a non-empirically-grounded Guideline does not affect the presumption of reasonableness given to his within-guidelines sentence. *See United States v. Lara*, 23 F.4th 459, 485-86 (5th Cir. 2022), *petition for cert. filed* (U.S. Apr.

No. 21-11139

11, 2022) (No. 21-7623); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

AFFIRMED.