[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12992

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA K. BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cr-00089-TKW-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Joshua Bailey appeals his 300-month total sentence for conspiracy to distribute and possess with intent to distribute a controlled substance, possession with intent to distribute a controlled substance, and being a felon in possession of a firearm. On appeal, he asserts that his total sentence is substantively unreasonable, in part because his cooperation with the government led to others being convicted, his codefendants were sentenced to shorter sentences, and the district court did not consider his cooperation.

We review a sentence's reasonableness for abuse of discretion, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A criminal defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

A sentence is substantively unreasonable if the district court: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

We will vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). We "do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.* Nonetheless, we "take the degree of variance into account and consider the extent of a deviation from the guidelines." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021).

"Although there is no proportionality principle in sentencing, a major variance from the advisory guideline range requires a more significant justification than a minor one, and the justification must be sufficiently compelling to support the degree of the variance." *Id.* A sentence length below the statutory maximum is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that sentence was reasonable in part because it was well below the statutory maximum). Finally, the party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the deference afforded the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Section 3553(a) mandates that the district court "shall impose a sentence sufficient, but not greater than necessary," to, inter alia, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to adequately deter criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a), (2)(A)–(D). In addition, the court must consider, in relevant part: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; and the guideline sentencing range. *Id.* § 3553(a)(1), (3)–(4). It must also consider the need to avoid unwarranted sentencing disparities between similarly situated defendants. *Id.* § 3553(a)(6)

While the district court must consider each § 3553(a) factor, it needn't discuss each factor specifically, and its statement that it considered the factors is sufficient. *Goldman*, 953 F.3d at 1222. The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008); *Rosales-Bruno*, 789 F.3d at 1254 (the district court can place great weight on one factor over others).

Here, the district court did not abuse its discretion when it sentenced Bailey to a total of 300 months' imprisonment. First, the weight given to each § 3553(a) factor is left to the sound discretion of the district court, and here, it put weight on the seriousness of Bailey's offenses, the need to deter future criminal conduct, and his criminal history. *Williams*, 526 F.3d at 1323. Second, even though

the district court gave considerable weight to the offense conduct and Bailey's criminal history, it still considered his substantial assistance and his family support when it departed below the applicable range, and his total sentence was below the maximum total sentence of life imprisonment. *Gonzalez*, 550 F.3d at 1324. The court also explicitly acknowledged that it had the power to sentence him below the guideline range and the mandatory minimum range due to the government's § 5K1.1 motion. Finally, as for Bailey's argument that the district court sentenced him more severely than his codefendants, he was not similarly situated to them. *See* 18 U.S.C. § 3553(a)(6). His converted drug weight was vastly greater than that of each of his codefendants, and he had a firearm offense with an armed career criminal enhancement that his codefendants lacked.

Therefore, Bailey failed to meet his burden to show that the district court abused its discretion. *Rosales-Bruno*, 789 F.3d at 1256. Accordingly, we affirm.

**AFFIRMED.**