# United States Court of Appeals for the Fifth Circuit

---

No. 22-50101
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ludwin Artemio Santizo-Escobedo,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-2886-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Ludwin Artemio Santizo-Escobedo appeals his 90-month within-guidelines sentence following his jury trial conviction for assaulting a federal officer with a dangerous weapon. He argues first that the district court erred in denying him a downward departure under U.S.S.G. § 5K2.12 for coercion or duress, given the facts of this case. However, as the Government correctly argues, we lack jurisdiction to review that denial

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50101

because nothing in the record indicates that the court mistakenly believed that it lacked the authority to depart downward. *See United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013).

Next, Santizo-Escobedo contends that his sentence is greater than necessary under 18 U.S.C. § 3553(a) and thus substantively unreasonable. We review the substantive reasonableness of his sentence for abuse of discretion because he preserved this argument in the district court, and we apply a presumption of reasonableness to his within-guidelines sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Naidoo*, 995 F.3d 367, 382 (5th Cir. 2021). The record reflects that the district court considered his history and characteristics at sentencing, including his lack of criminal history, and his argument essentially asks us to reweigh those factors, which we will not do. *See United States v. Martinez*, 921 F.3d 452, 483 (5th Cir. 2019). We have also rejected the argument that a sentence under a guidelines provision that is not based on empirical data is substantively unreasonable. *See United States v. Miller*, 665 F.3d 114, 119-21 (5th Cir. 2011). Further, as Santizo-Escobedo correctly concedes, his argument that we should not apply our usual presumption of reasonableness to his within-guidelines sentence is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). In sum, he has not rebutted the presumption that his within-guidelines sentence is reasonable. *See Naidoo*, 995 F.3d at 382.

AFFIRMED.