# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-60627
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Javon Montreal King,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-101-1

———————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Javon Montreal King appeals the 120-month within-guidelines sentence he received following his guilty plea conviction for being a felon in possession of a firearm. King argues that his 120-month sentence is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). Where, as here, the district court issues a sentence that is within a properly

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60627

calculated guidelines range, a rebuttable presumption of reasonableness applies. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut this presumption, King must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* As King did not preserve such a challenge, we review the district court's decision for plain error only. *Cf. Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). However, even under the ordinary standard, King has not demonstrated that his sentence is unreasonable.

After considering the parties' arguments, the presentence report (PSR) and the 18 U.S.C. § 3553(a) factors, the district court determined that the statutory maximum, which was coextensive with the guidelines range, was appropriate based on the seriousness of the present offense, King's lack of respect for the law, his danger to the community, the need to assure the community that the court takes these offenses seriously, and the possibility that the system had not sufficiently rehabilitated him. Although King now asserts that the court failed sufficiently to consider his untreated ADHD, other potential mental health issues, drug addiction and educational history as mitigating factors, given the minimal information provided the district court about these matters, he has not shown that the court failed to give them sufficient weight. To the contrary, the record reflects that the court reviewed the PSR and was aware of King's history, including his mental health and drug abuse issues. King's disagreement with the weighing of the § 3553(a) factors and his sentence is insufficient to establish the district court erred in balancing them. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.