# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50551
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Abner Renato Natareno-Calderon,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2708-1

————————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Abner Renato Natareno-Calderon pleaded guilty to illegal reentry into the United States. The district court imposed a sentence of 24 months of imprisonment, followed by three years of supervised release. On appeal, Natareno-Calderon argues that his within-guidelines sentence is substantively unreasonable. He contends that his sentence was greater than

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

necessary and that a sentence of time served was sufficient given the seriousness of the offense, that he did not pose a danger to the public, and, most significantly, his kidney condition. Because Natareno-Calderon preserved this challenge, our review is for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017).

He has not shown that the district court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). At sentencing, the district court stated that it had reviewed Natareno-Calderon's presentence report and the § 3553(a) factors. After hearing Natareno-Calderon's argument for a sentence of time served on account of his kidney condition and the possibility of receiving a kidney transplant in Guatemala, the district court expressed that Natareno-Calderon had "a relatively quick return" after his prior removal from the United States in the commission of the instant illegal reentry offense. The court indicated that it understood Natareno-Calderon's "serious health issues" but noted that there were consequences to violating the law.

Natareno-Calderon essentially asks us to reweigh the § 3553(a) factors, which we may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, Natareno-Calderon has failed to rebut the presumption of reasonableness applicable to his within-guidelines sentence and has not shown that the district court abused its discretion. *See Hernandez*, 876 F.3d at 166-67; *Cooks*, 589 F.3d at 186.

AFFIRMED.