[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13118

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEUNATE TAREZ JEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:20-cr-00211-CLM-SGC-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Deunate Tarez Jews appeals his 51-month sentence for one count of possession of a firearm by a convicted felon.[1] Jews argues that the district court imposed a substantively unreasonable sentence because it gave undue weight to an impermissible factor by treating Alabama state law as binding when crafting his federal sentence. After consideration, we agree with Jews. We will, therefore, vacate his sentence and remand.

We generally review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). "To be upheld on appeal, a sentence must be both procedurally and substantively reasonable." *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020) (quotation marks

---

[1] The government asserts Jews's appeal has been rendered moot by his release from prison. However, Jews has alleged consequences stemming from his expired sentence—in particular, he is serving a three-year term of supervised release, and his success in this appeal could alter his term of supervised release. *See United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (explaining that to satisfy Article III's case-or-controversy requirement, a defendant who wishes to continue his appeal after the expiration of his sentence must show a "continuing injury" or "collateral consequence"); *see also Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (explaining that a term of supervised release is part of the sentence that involves some restrictions upon liberty while it is still being served, and that success could alter the supervised release portion of the sentence such that the appeal would not be moot.). Thus, Jews's appeal isn't moot.

omitted). When reviewing the reasonableness of a sentence, we conduct a two-step inquiry, first ensuring that there was no significant procedural error, and then examining whether the sentence was substantively reasonable. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).[2] To preserve a substantive-reasonableness challenge, one may advocate for a less severe sentence and seek a sentence lower than what was imposed. *Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020).

We examine whether a sentence is substantively reasonable by considering the totality of the circumstances. *Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1)–(7). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors,

---

[2] Because Jews argues only that his sentence is substantively unreasonable, we won't consider whether the district court committed any procedural errors.

and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The weight due each § 3553(a) factor lies within the district court's sound discretion, and we will not substitute our judgment for the district court's. *United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020). Still, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Kuhlman*, 711 F.3d 1321, 1326–27 (11th Cir. 2013).

A sentence, regardless of length, can be unreasonable if it was substantially affected by an impermissible factor. *United States v. Clay*, 483 F.3d 739, 745 (11th Cir. 2007). Whether a factor considered by the district court at sentencing is impermissible is a legal question reviewed de novo. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a)." *Id.* (quotation marks omitted). "[T]he party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." *United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). If the court considered an impermissible factor, we will vacate the sentence and remand unless the error is

harmless. *Id.* at 1362. An error is harmless "if the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed." *Id.* "The party defending the sentence has the burden of establishing the error was harmless." *Id.*

Alabama's Youthful Offender ("YO") statute provides that no determination made under its provisions shall disqualify any youth from public office or employment, impair the youth's rights to receive any license granted by public authority, or be deemed a conviction of crime. Ala. Code § 15-19-7(a). However, "if he is subsequently convicted of crime, the prior adjudication as youthful offender *shall be considered*." *Id.* (emphasis added).

Jews argues that the district court considered an impermissible factor when it said that Alabama law "required" it to consider the YO adjudication as his sentencing because federal law, not state law, governs federal sentencing. Re-Sentencing Transcript at 10.

We agree. The district court imposed an unreasonable sentence because the court gave significant weight to Alabama law by stating that it was "required" under Alabama law to consider Jews's YO adjudication, rather than grounding its determination in the § 3553(a) factors. *Id.*

The government argues that we should uphold the sentence because any error on the district court's part is harmless for two reasons. First, the government contends that the district court had to consider the YO adjudication because the court had to consider

all the § 3553(a) factors to guide its discretion, and one of those factors is "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Second, the government says that if considering the YO adjudication was error, it didn't result in a higher sentence because the district court imposed a sentence equivalent to time served.

We disagree on both scores. As to the first contention, it's true—as Jews acknowledged in his briefs—that the district court could have considered the YO adjudication as part of the § 3553(a) factors. But it didn't. And we can't say that it didn't give special weight to the YO adjudication based on its understanding that it had to consider it under Alabama law. Regarding the second argument, although the district court imposed a prison sentence equivalent to time served, it noted that it considered the high-end of the Guidelines because of the YO adjudication, and it also kept the supervised release portion of the sentence. If the court hadn't considered the YO adjudication, it seems entirely possible that it might have shortened the term of supervised release in light of the fact that the prison sentence had already been served. In short, we can't say that the district court's error was harmless.

Because we conclude (1) that the district court imposed a substantively unreasonable sentence, and (2) that its error wasn't harmless, we vacate and remand for resentencing.

**VACATED AND REMANDED.**

23-13118                GRANT, J., Dissenting                1

GRANT, Circuit Judge, dissenting:

I would affirm Deunate Jews's sentence on the grounds that any error committed by the district court during his resentencing was harmless. Although the district court did state that it was bound to consider Jews's youthful offender adjudication under Alabama state law, it also repeatedly stated that its intent was to impose a prison sentence equivalent to the time Jews had already served. As the court stated in response to Jews's objection regarding the youthful offender adjudication issue, it was "not going to make a difference either way, because [the court had] sentenced in a way that he gets to go home today."

Though all seem to agree that the error thus did not alter the amount of actual prison time Jews would serve, the majority notes that it is possible that the district court could have chosen a period of supervised release shorter than three years. But Jews did not object to his supervised release term below. Nor is there any indication from the record that the court's determination that it was bound by Alabama law to consider Jews's youthful offender adjudication bore any relationship to its selection of his supervised release term. Because I would affirm the sentence on harmlessness grounds, I respectfully dissent.