# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60101
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN SCOTT,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:23-CR-28-1

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

John Thomas Scott appeals his above-guidelines sentence of 96 months of imprisonment, followed by three years of supervised release, imposed after his guilty plea conviction for assault of a federal employee in violation of 18 U.S.C. §§ 111(a)(1) and 1114. Scott argues that too much weight was given to the nature of the offense and the need to protect the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

public, while not enough weight was given to his mitigating factors, including his personal characteristics, lack of prior criminal history, acceptance of responsibility, and the lack of injury in this case. He suggests that a sentence below the guidelines range would be more appropriate.

We review his preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Holguin-Hernandez v. United States*, 589 U.S. 169, 173-74 (2020). Review of a sentence's substantive reasonableness is "highly deferential" to the district court. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted).

Scott has not established that the district court abused its discretion because he has not demonstrated that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Diehl*, 775 F.3d at 724. The district court properly considered Scott's personal characteristics, his past conduct, and his behavior during detention, as well as the nature of this offense and the need to protect the public. *See id.*

The court provided adequate justification to support an upward variance, and the magnitude of the variance was reasonable. *See, e.g.*, *United States v. Hudgens*, 4 F.4th 352, 359, 361 (5th Cir. 2021); *United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). The court did not give significant weight to an improper factor, nor did it fail to give significant weight to a relevant factor. *See Diehl*, 775 F.3d at 724. While Scott may disagree with how the sentencing factors were balanced, we will not substitute our own judgment for that of the district court. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.