# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20308
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rene Fernandez Gaviola,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-402-1

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Rene Fernandez Gaviola appeals his within-guidelines aggregate sentence of 120 months of imprisonment, followed by three years of supervised release, which was imposed after his guilty plea conviction for conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, five counts of aiding and abetting healthcare fraud, in violation of 18 U.S.C. §§ 2

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20308

and 1347, conspiracy to pay and receive healthcare kickbacks, in violation of 18 U.S.C. § 371, three counts of aiding and abetting payment of healthcare kickbacks, in violation of 18 U.S.C. § 2 and 42 U.S.C. § 1320a-7b(b)(2), and six counts of aiding and abetting money laundering, in violation of 18 U.S.C. §§ 2 and 1957. Gaviola argues that the sentence was greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors under the totality of the circumstances.

We review his preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Holguin-Hernandez v. United States*, 589 U.S. 169, 173-74 (2020). Sentences within the applicable guidelines range carry a presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Review of a sentence's substantive reasonableness is "highly deferential" to the district court. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted).

Gaviola has not rebutted this presumption and established that the district court abused its discretion because he has not demonstrated that the sentence "does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing the sentencing factors." *Cooks*, 589 F.3d at 186. The district court properly considered the § 3553(a) factors, as well as the specific characteristics of Gaviola and the instant offense, including Gaviola's age and health, as previously presented to the district court and discussed at sentencing.

The district court did not fail to consider Gaviola's mitigating circumstances, and while Gaviola may disagree with how the sentencing factors were balanced, this alone does not constitute clear error in balancing

2

the relevant considerations.  *See Cooks*, 589 F.3d at 186; *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.