# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2025

Lyle W. Cayce
Clerk

No. 24-30803
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODRICK JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-168-4

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Rodrick Johnson appeals the 24-month term of imprisonment imposed following the revocation of his supervised release. He raises two claims. First, he asserts that the district court lacked jurisdiction to revoke his supervised release because the violation occurred after the term of supervision had expired. Second, he claims his revocation sentence, which

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

was above the range recommended by the policy statements of the Sentencing Guidelines, is substantively unreasonable.

We review the district court's jurisdiction to revoke a defendant's term of supervised release de novo. *United States v. Juarez-Velasquez*, 763 F.3d 430, 433 (5th Cir. 2014). As Johnson concedes, his jurisdictional claim is now foreclosed by *United States v. Swick*, 137 F.4th 336 (5th Cir. 2025). With respect to his preserved substantive unreasonableness claim, we review under the plainly unreasonable standard. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173–74 (2020) (holding that "advocat[ing] for a sentence shorter than the one ultimately imposed" preserves a general contention that a sentence is unreasonably long); *United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013) ("When the defendant properly preserves his objection for appeal, we review a sentence imposed on revocation of supervised release under a plainly unreasonable standard . . . ." (citation modified)). The record reflects that the district court's explanation for the chosen revocation sentence was overall consistent with the statutory sentencing factors relevant to revocation sentences. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015); *Warren*, 720 F.3d at 332–33. Accordingly, the district court did not abuse its discretion or impose a substantively unreasonable revocation sentence. *See Warren*, 720 F.3d at 332–33.

The judgment of the district court is AFFIRMED.